UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ASHLEY ATTAWAY,

       Petitioner,

v.                                                                     Case No. 4:18cv271-MW-CJK

CRAIG E. COIL, Warden,
FCI-Tallahassee,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

Before the court is Ashley Attaway's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (Doc. 1). The government responded in opposition to the petition (doc. 9) and petitioner filed a reply (doc. 11). The matter is referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C § 636 and N.D. Fla. Loc. R. 72.2(B). After reviewing the parties' submissions, the undersigned concludes petitioner has not demonstrated entitlement to relief under § 2241 and the petition should be denied.

FACT BACKGROUND AND PROCEDURAL HISTORY[1]

On October 12, 2013, state officials from the Jasper County Sheriff's

_____

[1] The relevant facts are drawn from the declaration of Kneyse Martin, a Management Analyst at the Bureau of Prisons' Designation and Sentence Computation Center. (Doc. 9-1).

Department arrested petitioner in Illinois on methamphetamine-related charges. At the time of her arrest, petitioner was on parole from a 2012 case in Crawford County, Illinois. Petitioner entered federal custody via a writ of habeas corpus *ad prosequendum* on December 12, 2013. The Jasper County charges were dismissed, but petitioner remained in the primary custody of state authorities due to the parole violation.

On September 11, 2014, a federal judge in the Southern District of Illinois sentenced petitioner to a 188-month term of imprisonment for conspiring to distribute methamphetamine. At sentencing, the federal judge did not indicate whether the federal sentence should be served concurrent or consecutive to any state sentence. The federal sentence was later reduced to 80 months.

On October 1, 2014, petitioner returned to state custody with the federal judgment lodged as a detainer. The Illinois Parole Board revoked petitioner's parole on October 28, 2014, and ordered her to serve the remainder of a one-year prison term originally imposed on January 16, 2013, in the Crawford County case. The one-year sentence, however, was satisfied by the time petitioner spent in custody from October 15, 2013, to May 23, 2014. Petitioner was released to exclusive federal custody on October 29, 2014, to begin serving her federal sentence.

In this habeas petition, petitioner challenges the Bureau of Prisons' ("BOP") calculation of her federal sentence, arguing she is entitled to prior custody credit for the time she spent in federal custody from October 15, 2013, to May 23, 2014.

## DISCUSSION

After a federal court pronounces a sentence, the Attorney General, through the BOP, has the authority to compute and administer the defendant's sentence. *See* 18 U.S.C. § 3621(a); *United States v. Wilson*, 503 U.S. 329, 331-35 (1992) (noting the Attorney General, through the BOP, is responsible for computing prior custody credit as well as administering sentences for federal offenders). The federal statute governing the calculation of a term of imprisonment provides:

> (a) Commencement of Sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

> (b) Credit for Prior Custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

>> (1) as a result of the offense for which the sentence was imposed; or

>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

> that has not been credited against another sentence.

18 U.S.C. § 3585.

Here, petitioner's federal sentenced commenced on October 29, 2014, the date she entered federal custody to begin serving her sentence. *See Butler v. Warden, FCC Coleman-Medium*, 451 F. App'x 811, 812 (11th Cir. 2011) ("[W]hen the federal government takes possession of a state prisoner pursuant to a writ of habeas corpus *ad prosequendum,* the state's custody is not interrupted, and thus the prisoner's federal sentence does not begin to run until he is turned over to federal authorities after having served his state sentence."). The BOP awarded petitioner prior custody credit for October 12, 2013, to October 14, 2013, and May 24, 2014, to October 28, 2014. The BOP denied petitioner prior custody credit for October 15, 2013, to May 23, 2014, because that time was credited toward the parole revocation sentence from Illinois. *See Castillo v. Fed. Corr. Inst. of Tallahassee*, 163 F. App'x 803, 804 (11th Cir. 2006) (noting "a defendant can receive credit for time served only if the specified time period has not been credited against another sentence").

Petitioner makes the conclusory assertion that the time she spent in custody from October 15, 2013, to May 23, 2014, was not credited "toward any state sentences or parole time because petitioner was not being housed in state custody for state related charges." But petitioner does not offer an alternative explanation for how she satisfied the parole revocation sentence. Because petitioner raises a speculative claim without supporting evidence, and the declaration from the BOP

employee indicates the BOP calculated petitioner's sentence in accordance with applicable law, petitioner cannot show entitlement to habeas relief. *See Wilson*, 503 U.S. at 337 (In enacting § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time."); *see also Hill v. Linahan*, 697 F.2d 1032, 1036 (11th Cir. 1983) ("The burden of proof in a habeas proceeding is always on the petitioner.") (*citing Henson v. Estelle*, 641 F.2d 250, 253 (5th Cir. 1981)).

Accordingly, it is respectfully RECOMMENDED:

1.     That the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 1) be DENIED.

2.     That the clerk be directed to close the file.

At Pensacola, Florida, this 12th day of October, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.